UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.  1:05-CV-00096 |
| | ) |
| KARL E. SODDERS, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Defendant Cheryl Sodders ("Sodders"), who is *pro se*, filed a motion for a more definite statement (Docket #10), requesting that the Court order Plaintiff to make its Complaint (Docket # 1) more definite and certain.  Plaintiff filed a response on May 11, 2005, and the deadline for a reply has passed.  *See* Local Rule 7.1(a).  For the reasons provided herein, Sodders's motion will be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 2005, Plaintiff filed the Complaint against Defendants, seeking to: (1) collect a debt owed by Defendants, jointly and severally, to Plaintiff in the amount of $303,821.33, plus interest; (2) foreclose on its mortgage interests in Sodders's real property securing the indebtedness; and (3) enforce its security interests in Sodders's personal property securing the indebtedness.[1] (Compl. at 1, 4, 9.)  Sodders, however, alleges that Plaintiff failed to satisfy Federal Rule of Civil Procedure 8(e)(1), which states that "[e]ach averment of a pleading

---

[1]The amount of Defendants' indebtedness to Plaintiff was adjusted by a plan of reorganization under Chapter 11 of the United States Bankruptcy Code, as confirmed by order of the United States Bankruptcy Court for the Northern District of Indiana ("Bankruptcy Court") on May 28, 1985. (Compl. at 2); *see In re Sodders,* No. 83-10279 (Bankr. N.D. Ind. 1985).

shall be simple, concise and direct." (*Id*. at 3.)  More specifically, Sodders contends that Plaintiff failed to provide her with proper notice of its claims because the Complaint was (1) vague as to the basis for jurisdiction with this Court; (2) ambiguous as to when and where the automatic stay under the United States Bankruptcy Code was lifted; and (3) indefinite as to when the conditions precedent to the action were satisfied. (*Id*. at 1-4.)  Hence, Sodders requests that the Court order Plaintiff to aver the following additional details: (1) when Plaintiff represented to the Bankruptcy Court that Sodders was in default under its plan of reorganization; (2) when and where the automatic stay was lifted; (3) when Plaintiff accelerated the debt; and (4) certain other particular information relating to the satisfaction of the conditions precedent. (*Id*. at 5.)

## STANDARD ON MOTION FOR A MORE DEFINITE STATEMENT

A motion for a more definite statement is governed by Rule 12(e): "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e); *see also Dashner v. Brinker Int'l, Inc.*, 1999 WL 1567774, at *1 (S.D. Ill. March 19, 1999).  "Rule 12(e) is designed to prevent unintelligibility rather than lack of detail." *Hilst v. Freedom Graphic Sys.*, 2003 WL 23190928, at *1 (W.D. Wis. Aug. 27, 2003); *see also Moore v. Fid. Fin. Serv., Inc.*, 869 F. Supp. 557, 559-60 (N.D. Ill. Nov. 2, 1994).  "A motion for a more definite statement should be denied if it meets the notice pleading standards set forth in Rule 8 by notifying the opposing party of the nature of the claim so that they are able to respond." *Trans States Airlines v. Pratt & Whitney Canada, Inc.*, 1992 WL 211023, at *2 (N.D. Ill. Aug. 21, 1992).  "A motion for a more definite statement should not be used to obtain factual details or as a substitute for discovery." *Hilst*,

2003 WL 23190928, at *1; *Moore*, 869 F. Supp. at 559-60.  Generally, motions for a more definite statement are disfavored by the courts. *Cumis Ins. Soc'y v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. Nov. 18, 1997); *Moore*, 869 F. Supp. at 559-60.

## DISCUSSION

Sodders contends that the Complaint is vague and ambiguous, failing to properly notify Sodders of Plaintiff's claims against her.  Sodders's contention, however, is utterly unavailing.

Rule 8(a) provides that a complaint need only include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  The purpose of such a statement is simply to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002).

Here, Plaintiff alleges in the Complaint that Sodders borrowed money from Plaintiff, pledged real and personal property as collateral for the loan, and then defaulted on the payment of the loan.  Plaintiff further asserts that all conditions precedent to the filing of the action have been satisfied and, accordingly, requests that the Court: (1) award a judgment in its favor for the amount of the indebtedness, plus costs; (2) enter an order that forecloses on the mortgaged real property; and (3) enter an order that forecloses on the personal property collateral, or alternatively, awards Plaintiff possession of the personal property for replevin.

Plaintiff does not skimp on details in its Complaint regarding the indebtedness owed by Defendants; rather, in pleading its claims, Plaintiff "describe[s] specific acts taken by specific persons on specific dates." *Hilst*, 2003 WL 23190928 at *1.  Moreover, "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." Fed. R. Civ. P. 9(c); *see also*

*Mortenson v. Nat'l Union Fire Ins. Co.*, 1999 WL 608709, at *2 (N.D. Ill. Aug. 4, 1999). The information provided by Plaintiff in its Complaint is clearly more than sufficient for Sodders to "identify the nature of [Plaintiff's] claim against it and the nature of the damages which [Plaintiff] will be seeking" to enable Sodders to form her responsive pleading. *Trans States Airlines*, 1992 WL 211023, at *2.

Nonetheless, Sodders alleges that Plaintiff should have provided in its Complaint the additional, more-detailed information described *supra* regarding jurisdiction, the automatic stay, and satisfaction of the conditions precedent. Quite to the contrary, however, a motion for a more definite statement should not be used to obtain the factual details Sodders seeks. *See id*. Rather, the "the simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define the disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*, at 512. Therefore, because Plaintiff's Complaint is sufficient to enable Sodders to draft her responsive pleading, and because the detailed information she desires can easily be obtained through depositions and written discovery, Sodders's motion for a more definite statement will be denied.

## CONCLUSION

For the reasons stated herein, Defendant Cheryl Sodders's motion for a more definite statement (Docket # 10) is hereby DENIED. SO ORDERED.

Enter for May 26, 2005.

                                              S/Roger B. Cosbey
                                              Roger B. Cosbey,
                                              United States Magistrate Judge