UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CV-96-TS |
| | ) | |
| KARL E. SODDERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On April 7, 2005, Defendant Cheryl Sodders, who is *pro se*, filed a motion for a more definite statement, requesting that the Court order the Plaintiff to make its Complaint more definite and certain. The Plaintiff responded to her motion on May 11, 2005, and, after the deadline for Sodder's Reply had passed, on May 26, 2005, Magistrate Judge Roger Cosbey denied her motion. Before receiving Judge Cobey's Order, on May 27, 2005, Sodders moved for an extension of time to reply to the government's Response. On May 31, 2005, Judge Cosbey denied this motion in accordance with Federal Rule of Civil Procedure 6(b)(2) because it did not demonstrate that Sodders's tardiness was due to excusable neglect. Moreover, Judge Cosbey found the motion moot because he had already ruled on the underlying motion for a more definite statement.

On June 6, 2005, Sodders moved this Court to review Judge Cosbey's May 26 Order, pursuant to Federal Rule of Civil Procedure 72. She believes that Judge Cosbey erred by issuing his Order before the deadline for filing her Reply expired and by failing to consider the arguments stated in her Reply. Moreover, she believes that by requiring her to undergo discovery rather than ordering the Plaintiff to make its Complaint more definite and certain, Judge Cosbey disregarded the mandates of Rule 1. The Plaintiff has not responded to Sodders's motion to review Judge Cosbey's

Order.

## BACKGROUND AND DISCUSSION

**(A) Rule 72(a) Standard of Review**

Rule 72(a) allows a party to object to a magistrate's order within ten days of being served with a copy of the order. The Rule further provides that the district judge to whom the case is assigned shall consider the objections and "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." A finding is clearly erroneous when the court is left with the definite and firm conviction that a mistake has been committed. *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (cited in *Chamberlain v. Interlogix, Inc.*, 2002 WL 467153 at *1 (N.D. Ill. Mar. 27, 2002)). Under this standard, the court will not reverse the magistrate judge's decision simply because it would have decided the case differently. *See Anderson*, 470 U.S. at 573.

There is also statutory authority for a judge to reconsider a pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). This standard requires that a district court only overturn the magistrate judge's ruling "if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

**(B) Application of the Standard**

Although Rule 12(e) governs motions for a more definite statement, Sodders attacks Judge Cosbey's Order under Rule 1. She argues that Judge Cosbey erred by denying her motion for a more

2

definite statement because she will be required to conduct discovery and incur additional expenses, which, she believes, is contrary to the mandates of Rule 1.[1]

Sodders has not established that Judge Cosbey was clearly erroneous, or that he committed any error at all. The Plaintiff's rather detailed Complaint is clear that it is seeking to: (1) collect a $303,821.33 debt owed by the Defendants to the Plaintiff; (2) to foreclose on its mortgage interests in the Defendants' real property securing the indebtedness; and (3) enforce its security interests in the Defendants' personal property securing the indebtedness. These averments sufficiently allow Sodders to identify the nature of the Plaintiff's claims against her and the nature of the damages the Plaintiff is seeking. That Sodders may incur additional expense to ascertain the factual details through discovery is beside the point and does not contradict Rule 1. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.").

Moreover, Sodders has not established that Judge Cosbey committed any error in not considering her Reply. After a party files a response, pursuant to Local Rule 7.1, the other party has seven days to serve a reply. The Plaintiff filed its Response to Sodders's Motion for a More Definite Statement on May 11, 2005. Sodders acknowledges that she received the Response on May 14, 2005, which was a Saturday. Sodders had seven days within which to file her Reply. Rule 6 states that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Accordingly, Sodders's Reply was due on May 25, 2005. However, she postmarked her Reply on May 26, 2005. As a result, she

---

[1] Rule 1 provides that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

has no grounds to complain that Judge Cosbey issued his Order prematurely.[2]

## CONCLUSION

Because Magistrate Judge Cosbey's Order denying the Plaintiff's Motion for a More Definite Statement is not clearly erroneous or contrary to law, Sodders's Objection to the Magistrate's Order [DE 24] is DENIED, and the Magistrate Judge's May 26, 2005, Order is SUSTAINED.

SO ORDERED on October 25, 2005.

                                                        s/ Theresa L. Springmann  
                                                        THERESA L. SPRINGMANN  
                                                        UNITED STATES DISTRICT COURT

---

[2] It is worth noting that even if Judge Cosbey reviewed the Reply, as this Court has done now, his ruling would remain the same, as there is nothing in it to warrant a different outcome to Sodders's motion.