UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 1:05-CV-96-TS |
| KARL E. SODDERS, et al., | ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On March 17, 2005, the Plaintiff, the United States of America, filed a Complaint against Karl E. Sodders, Cheryl L. Sodders, AgBest Cooperative, Jay County Treasurer, Timothy A. Ramsey, William J. Lightner, and Atlas America, Inc. The Plaintiff alleges in the Complaint that Karl Sodders and Cheryl Sodders borrowed money from the Plaintiff, pledged real and personal property as collateral for the loan, and then defaulted on the payment of the loan. The Plaintiff further asserts that all conditions precedent to the filing of the action have been satisfied and, accordingly, seeks to: (1) collect a debt owed by Defendants, jointly and severally, to the Plaintiff in the amount of $303,821.33, plus interest; (2) foreclose on its mortgage interests in Sodders's real property securing the indebtedness; and (3) enforce its security interests in Sodders's personal property securing the indebtedness. On April 11, Defendant Karl Sodders filed a Motion to Dismiss the Complaint for Lack of Jurisdiction. The Plaintiff responded on May 18, arguing that this Court has subject matter jurisdiction in accordance with 28 U.S.C. § 1345.

Defendant Sodders argues that the Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction in accordance with Federal Rule of Civil Procedure 12(b)(1). He submits that 28 U.S.C. § 1345 does not confer jurisdiction on this Court because another Act of Congress,

the 1987 Agricultural Credit Act, confers jurisdiction only if the requirements of that Act are met. Defendant Sodders also argues that this Court does not have subject matter jurisdiction because the property which is the subject of this case was previously involved in the Bankruptcy Court's proceedings.

Subject matter jurisdiction delineates what classes of cases the federal courts may adjudicate. *See Scarborough v. Principi,* 541 U.S. 401, 413–414 (2004) ("Clarity would be facilitated if courts and litigants used the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." (quotation marks omitted)). Title 28 U.S.C. § 1345 makes plain that the district courts have subject matter jurisdiction over the class of cases that involve the United States as plaintiff: "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings by the United States, or by any agency or officer thereof, expressly authorized to sue by Act of Congress."

Defendant Sodders argues that the Agricultural Credit Act is an act that excepts this Court from foreclosure action as a matter of law. In particular, he believes that the Court has no subject matter jurisdiction over this case because the Plaintiff has not alleged that it met the requirements of the Agricultural Credit Act.[1] He also argues that the Plaintiff's action against him violates his due process rights (which he equates to the absence of subject matter jurisdiction) because he was not given a notice and fair hearing before the commencement of this case.

Defendant Sodders's insistence that the Plaintiff did not give him notice before instituting this law suit does not concern this Court's subject matter jurisdiction. It may indeed state a due

---

[1] The Act prescribes internal administrative procedures which must be met before the Department of Agriculture may recommend a foreclosure action. *See* 7 U.S.C §§1981d and 2001.

2

process defense but it does not properly challenge this Court's ability to hear the case. The Agricultural Credit Act is not a jurisdictional statute and the Court is not aware of any Act of Congress that confers jurisdiction over a foreclosure action brought by the United States of America in any other court other than the district court where the reality is located. *See United States for and on Behalf of Small Bus. Admin. v. Torres*, 142 F.3d 962, 966 (7th Cir. 1998) ("Generally, district courts have original jurisdiction over suits brought by the United States to foreclose mortgages on realty situated within the district."). Moreover, Federal Rule of Civil Procedure 9(c) states that "it is sufficient to aver generally that all conditions precedent have been performed or have occurred." The Plaintiff has met that requirement.

The Court has jurisdiction over the Plaintiff's claims under 28 U.S.C. § 1345, which confers federal jurisdiction in all cases in which the United States is a plaintiff, and 7 U.S.C. 1981(e), which authorizes the Secretary of Agriculture to sue to enforce its claims. *See Cumberland Village Housing Assocs. v. Inhabitants of Town of Cumberland*, 609 F. Supp. 1481, 1485 (D.C. Me. 1985). This is evident from the caption of the case, which lists the United States of America as the Plaintiff, and from the Complaint's introductory paragraph.

Defendant Sodders also argues that, for this Court to have jurisdiction, the Plaintiff must allege why the Bankruptcy Court no longer has jurisdiction. This is unnecessary. The Plaintiff's Exhibit F, attached with its Complaint, which is an Order Confirming the Plan, is evidence that the automatic stay no longer exists as to the property at issue. *See* 11 U.S.C. §§ 362(c)(1) and 1141(b). In addition, since the Plaintiff is suing on promissory notes executed after the petition in bankruptcy was filed, there is no stay against the bankruptcy debtors. *See id.* § 362(a)(1).

**CONCLUSION**

Because the Plaintiff has adequately alleged jurisdiction under 28 U.S.C. § 1345, and Defendant Sodders has shown no valid reason why this Court lacks jurisdiction over this action, his Motion to Dismiss the Complaint for Lack of Jurisdiction [DE 11] is DENIED.

SO ORDERED on October 25, 2005.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT