# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:05-CV-96-TS |
| ) | |
| KARL E. SODDERS, ) | |
| CHERYL L. SODDERS et. al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

The Plaintiff, United States of America, on behalf of the Rural Housing Service (formerly known as the Farmers Home Administration), sued the Defendants, Karl and Cheryl Sodders, seeking to enforce its rights under certain mortgages. The Plaintiff alleges in the Complaint that the Defendants borrowed money from the Farmer's Home Administration, pledged real and personal property as collateral for the loan, and then defaulted on the payment of the loan. The Plaintiff further asserts that all conditions precedent to the filing of the action have been satisfied and, accordingly, seeks to: (1) collect a debt owed by Defendants, jointly and severally, to the Plaintiff in the amount of $303,821.33, plus interest; (2) foreclose on its mortgage interests in the Defendants' real property securing the indebtedness; and (3) enforce its security interests in the Defendants' personal property securing the indebtedness. The Plaintiff moved for summary judgment on its claims. The Defendants responded to the motion, and Mrs. Sodders filed a separate motion entitled Motion for a Judgment on Pleadings of Defendant Cheryl Sodders.

**A. Motion for a Judgment on Pleadings of Defendant Cheryl Sodders**

Mrs. Sodders argues that the Plaintiff's complaint against her is not validly signed by its attorney, Deborah M. Leonard, who submitted and signed the document electronically. (The Defendants similarly challenge the validity of the Plaintiff's motion for summary judgment.) She cites to Federal Rules of Civil Procedure 7 and 11 and insist that a handwritten signature is required for the document to be valid.

Mrs. Sodders misunderstands the rules. True, Rule 7 requires all motions to be signed in accordance with Rule 11, which, in turn, requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney or record in the attorney's individual name." But this does not mean that a handwritten signature is required: "a court may by local rule permit papers to be filed, signed, or verified by electronic means." Fed. R. Civ. P. 5(e). Local Rule of the United States District court for the Northern District of Indiana 5.6 does just that:

> Documents may be filed, signed, and verified by electronic means to the extent and in the manner authorized by the CM/ECF User Manual approved by the court. A document filed by electronic means in compliance with this Local Rule constitutes a written paper for the purpose of these Local rules, the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure.

The district's CM/ECF Civil and Criminal User Manual, which was approved by the Court's General Order 2005–14, specifies how an electronic court document should be signed: "An attorney's/participant's password issued by the court combined with the user's identification, serves as and constitutes the attorney/participant's signature for Rule 11 and other purposes." CM/ECF Civil and Criminal User Manual 2. Accordingly, because Ms. Leonard submitted the motion for summary judgment and all corresponding documents using her CM/ECF password along with her user's identification, she properly signed them. The Supreme Court of the United States approves

such signatures. *See Becker v. Montgomery*, 532 U.S. 757, 763 (2001) ("We do not doubt that the signature requirement can be adjusted to keep pace with technological advances."). Accordingly, the Court will deny Mrs. Sodders's motion.[1]

**B. Summary Judgment Standard**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In other words, the record must reveal that no reasonable jury could find for the nonmoving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving

---

[1]Following the same authorities, this Court, too, files and signs its orders electronically:
> All orders issued by the court shall be filed electronically by either the office of the clerk or a judge. Any order or other court-issued document filed electronically without the original signature of a judge or clerk has the same force and effect as if the judge or clerk had signed a paper copy of the order and it had been entered on the docket in a conventional manner.

CM/ECF Civil and Criminal User Manual 5–6.

party may discharge its "initial responsibility" by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party may, if it chooses, support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982); *Faulkner v. Baldwin Piano & Organ Co.*, 561 F.2d 677, 683 (7th Cir. 1977).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Federal Rule of Civil Procedure 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 248–50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Juarez v. Ameritech Mobile Comm., Inc.*, 957 F.2d 317, 322 (7th Cir. 1992). Conclusory allegations and self-serving affidavits, if not supported by the record, will

4

not preclude summary judgment. *Haywood v. N. Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir. 1997).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994); *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249–50; *Doe*, 42 F.3d at 443.

## C. Material Facts[2]

From 1979 through 2002, the Defendants jointly executed and delivered to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, several promissory notes. They secured those notes by mortgaging their real estate at 10907 W. 600 S., Redkey, Indiana, and various farm equipment. Since December 12, 2003, the Defendants have not made payments required by the promissory notes and have defaulted on their obligations to repay the loans. The entire debt, a total of $344,313.02, is now due.

On June 25, 2003, the Agency sent the Defendants via regular and certified mail two packets.

---

[2]The Court rejects the Defendants' contention that Greg Foulke's affidavit and the accompanying attachments, from which the Court derives some facts, did not comply with Federal Rule of Civil Procedure 56(e). Mr. Foulke's affidavit explicitly states that it is based on his personal knowledge as a Farm Loan Specialist for the Farm Service Agency. Moreover, the exhibits attached with his affidavit qualify as business records that would be admissible at trial. Finally, in establishing their part of the story, the Defendants themselves recognize the authenticity of the attachments and convey substantially similar facts as those presented by Mr. Foulke.

The packets were addressed to Mr. and Mrs. Sodders and the salutation on the enclosed letter addressed both Defendants. The packets were supposed to contain the same materials: a letter entitled Notice to Borrowers with Nonmonetary Defaults, Nonmonetary Defaults and Delinquency, or That a Prior Lienholder or Junior Lienholder is Foreclosing; a document entitled Response to Notice Informing Me of FSA's Intent to Accelerate My Loans (Attachment 4); and a document entitled Primary and Preservation Loan Servicing and Debt Settlement Programs Purpose (Attachment 1).

The letter informed the Defendants that they had defaulted on their payments, that the government was going to take legal action to collect the debt, and that it was going to foreclose on their real estate and repossess equipment used to secure the loans. The letter also offered some help to the Defendants:

> You can apply for the programs described in Attachment 1. These are called Primary and Preservation Loan Servicing and Debt Settlement Programs. You can also ask for a meeting. At the meeting you can explain why you think FSA's records, as indicated in this Notice, are wrong. You can also suggest things you can do to correct these problems, so as to avoid acceleration and foreclosure. You can request loan servicing, debt settlement and a meeting at the same time. For example, if this Notice states that you are delinquent, and also have disposed of property without FSA's written consent, you can request servicing to deal with the delinquency problem and request a meeting on the question of unauthorized disposition of property. Please read the section on debt settlement programs for guidance in requesting and receiving consideration of a request for debt settlement.

(Pf. Ex. A, at 2). Immediately after this paragraph, the Defendants were advised that the mailing contained enclosures (Attachments 1 and 4) that provided the following information: a summary of all primary loan service programs; a summary of the preservation loan service program; a summary of all debt settlement programs; copies of the forms needed to apply; and advice on how to get copies of FSA regulations. *Id*. Finally, the letter outlined the purposes of described programs,

advised the Defendants to complete Attachment 4 within sixty days of receiving the notice, and informed them of their right to appeal any adverse decision by the Agency.

Attachment 4 is a one page form to request a meeting with the FSA official and to be considered for all primary and preservation loan service and debt settlement programs.

Attachment 1, a fifteen-page document, contains a detailed description of how to get information on primary and preservation loan servicing and debt settlement programs and how to apply for these programs. It also informs the reader of the appeal rights if one disagrees with the Agency's decisions.

On June 27, 2003, Mr. Sodders accepted, and signed for, the packet sent via certified mail. However, only Attachment 3 and Attachment 1 were inside this correspondence. Moreover, Attachment 1 was missing pages 9 and 10, which described how to apply for Primary and Preservation Loan Servicing Programs. Attachment 4 was missing entirely.[3]

The Defendants did not apply for any of the servicing options offered by the Agency. In fact, they did not respond to the notices at all. Consequently, on April 20, 2004, almost ten months after the two notices were sent, the Agency accelerated the promissory notes and declared them immediately due in full. The Agency sent individual letters via certified mail to each Defendant at the same address as the June 25, 2003, notice, announcing its decision to accelerate the loans. Someone other than the Defendants accepted and signed for the letters.

**D. The Plaintiff's Motion for Summary Judgment**

---

[3]Because the packets sent through certified and regular mail were put together and dispatched at the same time, for the purposes of the Plaintiff's motion, the Court will presume that the packet in the regular mail was identical to its certified counterpart.

The Plaintiff maintains that no triable issues of fact exist and that it should be accorded a summary judgment on its claim seeking to foreclose the Defendants' real estate and personal property that they used to secure their loans. The Defendants agree that they defaulted on their payments but object to the entry of summary judgment in the Plaintiff's favor. They argue that, in seeking to foreclose their property, the Agency violated their procedural due process rights by failing to satisfy the notice requirements under 7 U.S.C. § 1981d: the certified letter, which Mr. Sodders accepted, lacked the attachments; Mrs. Sodders did not personally receive any letters from the Agency, and she never authorized her husband to be her agent or representative regarding her loans; the Defendants were not informed of their rights to appeal the Agency's adverse decisions; and the Defendants were not served with a notice of acceleration.

Title 7 U.S.C. § 1981d lists the notice requirements under the Loan Service Programs:

(a) Requirement

> The Secretary shall provide notice by certified mail to each borrower who is at least 90 days past due on the payment of principal or interest on a loan made or insured under this chapter.

(b) Contents

> The notice required under subsection (a) of this section shall—
> (1)  include a summary of all primary loan service programs, preservation loan service programs, debt settlement programs, and appeal procedures, including the eligibility criteria, and terms and conditions of such programs and procedures;
> (2)  include a summary of the manner in which the borrower may apply, and be considered, for all such programs, except that the Secretary shall not require the borrower to select among such programs or waive any right in order to be considered for any program carried out by the Secretary;
> (3)  advise the borrower regarding all filing requirements and any deadlines that must be met for requesting loan servicing;
> (4)  provide any relevant forms, including applicable response forms;
> (5)   advise the borrower that a copy of regulations is available on

> request; and
> (6) be designed to be readable and understandable by the borrower.

When a notice sent by certified mail is not accepted by the borrower, the Agency must resend it to the borrower's last know address via first class mail. 7 C.F.R. § 1951.907. A notice that a loan is being accelerated must "be sent by certified mail, return receipt requested, to each obligor individually, addressed to the last known address. . . . If a signed receipt for at least one of these acceleration notices sent by certified mail is received, no further notice is required." 7 C.F.R. § 1955.15(d)(2).

"Due process does not require that a property owner receive actual notice before the government may take his property. Rather. . . due process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Jones v. Flowers*, 126 S.Ct. 1708, 1713–14 (2006) (citations omitted). "The notice must be of such nature as reasonably to convey the required information." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, (1950).

The government complied with the notice requirements of both § 1981d and the United States Constitution. The Agency's June 25 and April 20 notices were calculated to apprise the Defendants of the pendency of the action and afford them an opportunity to present their objections. In fact, Mr. Sodders received an actual notice that their property may be foreclosed when he opened the June 25 packet. Furthermore, the notices reasonably conveyed the required information.

The Agency sent the June 25 notice, addressed to both Defendants, through certified and regular mail. Mr. Sodders opened the certified letter and learned that he and his wife defaulted on loan payments, and that the government was contemplating foreclosure of their property. He also

learned that not all was lost: the letter informed him that they could apply for Primary and Preservation Loan Servicing and Debt Settlement Programs; or they could ask for a meeting to explain why FSA's records were wrong and what they could do to correct those problems so as to avoid acceleration and foreclosure; finally, they could appeal the Agency's decision to the Area Supervisor. All this could be done to help repay the loans and keep the farm property. To this end, the Defendants were told to fill out Attachment 4.

Of course, Attachment 4 was not enclosed and Attachment 1, which offered more detailed information about the Loan Servicing and Debt Settlement Programs and the meeting with the Agency, was missing two pages that explained how to apply for Primary and Preservation Loan Servicing Programs. But Mr. Sodders knew that Attachment 4 was not enclosed and that Attachment 1 was incomplete. He could have called the Agency or written them requesting the left-out documents. Instead, he chose to sit on his hands. In the end, however, what Mr. Sodders did or did not do after receiving the notice is irrelevant in this case. The Court is only concerned whether the notice was calculated to apprise the Defendants of the pendency of the action and afford them an opportunity to present their objections. The answer is, "Yes." The missing form and the omission of the two pages in Attachment 1 did not render the notice useless. Rather, the notice retained its purpose to inform the Defendants of their default and the actions they could take to correct their plight. Therefore, even by itself, the letter substantially complied with the notice requirement under § 1981d and the United States Constitution because it appraised the Defendants of the pendency of the action and afforded them an opportunity to present their objections. *Cf. United States v. Birchem*, 100 F.3d 607, 608 (8th Cir. 1996) ("By reading this notice, the [defendants] would have learned about the loan service programs and realized the relevant forms that needed to be completed within

the next forty-five days were in the hands of their attorney."); *cf. also Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 734–35 (5th Cir. 1984) ( "[W]e do not think it unreasonable to require a party who admittedly has received notice that a default has been entered against him to use diligence in determining . . . what the missing page or pages revealed."). This is especially true because the letter made references to Attachments 1 and 4, and the Defendants were on notice that Attachment 4 and two pages from Attachment 1 were missing.

Mrs. Sodders complains that she did not personally receive the June 25 notice because her husband, whom she did not authorize to act on her behalf regarding the loans, opened the packet. Thus, she mistakenly believes that she should have received an actual notice from the Agency. As noted above, no such notice is required. *See also Birchem*, 100 F.3d at 608 ("[N]either [7 U.S.C. § 1981d(a)] nor [7 C.F.R. §§ 1951.907(d), .907(f) (1989)] require personal notice."). "Instead, the statute's notice requirement is satisfied when the [Agency] 'provide[s] notice by certified mail to each borrower.'" *Id*. This the Agency has done—and topped it off with another packet sent via regular mail. It is irrelevant in this case that Mrs. Sodders was not the actual recipient of either the certified or regular mail addressed to her place of residence. *See id.* at 609 (the Agency does not fail a notice requirement if the addressees' son, who accepted the notice mailed via certified mail, fails to relay the mail to the addressees); *see also Flowers*, 126 S.Ct. at 1718–19 (noting that notices sent via regular mail can sometimes be a better alternative than notices sent via certified mail).

The same principle applies to the April 20 acceleration notice. The Agency complied with the notice requirements by sending the acceleration notices via certified mail, return receipt requested, to each obligor individually, addressed to the last known address. Since someone at the Defendants' address signed the receipt of the notices, the Agency's procedural due process

obligations under § 1981d and the Constitution were satisfied. *See Birchem*, 100 F.3d at 609; *cf. also Dusenbery v. United States*, 534 U.S. 161, 170–71 (2002) (the delivery procedure for a forfeiture notice does not require a verification that the notice was delivered directly to the intended recipient). This procedure was reasonably calculated to inform the Defendants of their preforeclosure options. The Defendants' claim of ignorance of the letters that came to their home address is an insufficient challenge to the Agency's actions.

## CONCLUSION

Having found that the Plaintiff's attorney satisfied the requirements of Federal Rules of Civil Procedure in filing her complaint and the Motion for Summary Judgment, the Court denies Mrs. Sodders's Motion for a Judgment on Pleadings [DE 31].

In addition, having found that there is no genuine issue of material fact and that the Farm Service Agency complied with the statutory procedures for notification of borrowers under 7 U.S.C. § 1981d and the due process clause of the United States Constitution, the Court grants the Plaintiff's Motion for Summary Judgment [DE 27]. The Court orders the Plaintiff to prepare and submit to the Court, within ten days of this Order, a judgment and supporting materials calculating the amounts of principal and interest due and owing, together with costs and disbursements as of this date.

SO ORDERED on June 21, 2006.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT